### THE GLADIATOR.

(Circuit Court of Appeals, Second Circuit. March 23, 1906.)

#### No. 155.

COLLISION—TUGS MEETING IN EAST RIVER—CONTRIBUTORY FAULT.

The tug Senff, with a car float in tow on her side, was passing down about the middle of the East river with an ebb tide at a speed of about nine miles an hour, when the Gladiator, also with a float, came out from her slip on the Manhattan side intending to go up the river. Passing signals of two whistles were exchanged, but the Gladiator failed to swing to port and continued across the river, until a collision occurred between her tow and the Senff. The Senff changed her course toward the Brooklyn shore, but kept her speed. *Held*, that she was chargeable with contributory fault in not stopping and backing; it having been evident for some time before the collision that for some reason the Gladiator was not conforming to her agreement.

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon an appeal from a decree of the District Court, Southern District of New York, holding both vessels in fault for a collision between the Senff and a car float in tow of the Gladiator. The collision happened in the East river near the Brooklyn Bridge, and the opinion of the district judge is reported in 132 Fed. 876.

La Roy S. Gore, for appellant.

C. S. Haight, for appellee.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM. All discussion as to the propriety or impropriety of the navigation of the Gladiator, a subject discussed at some length in the appellee's brief, is eliminated by reason of the circumstance that she has not appealed. Not having done so, she cannot be heard here to dispute the finding that she was guilty of a fault contributing to the collision.

As to the Senff, we cannot overlook the circumstance that all the witnesses were seen and heard by the District Judge, and that the propriety of her navigation is largely dependent upon the conclusions reached as to specific facts upon conflicting testimony. After the exchange of two-blast whistles with the Gladiator, she was entitled to proceed and cross the bows of the latter and to expect the latter to assist in such maneuver. And, like other vessels thus privileged, it was her duty to hold her agreed course and her speed

as long as it was possible for the other vessel to avoid her, in the absence of some distinct indication that the Gladiator was about to fail to keep her promise to swing to port. It was soon manifest, however, that for some reason or other the Gladiator was not conforming her course to her signals, and the district judge held that such a condition of affairs continued so long that it should have been obvious to the Senff that the limit of safety was passed, and that she herself should arrange her navigation accordingly—by stopping and backing, since she could not swing any further to port. Since the testimony varies greatly as to the distance traversed by the Gladiator without making her promised change to port—some witnesses putting the collision within 25 to 50 feet and others 400 feet from the Brooklyn shore—we are satisfied that the conclusions of the District Judge should not be disturbed.

The decree is affirmed, with costs of this court to the appellee.